# Exhibit A

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

**17SL-CC02259**

STATE OF MISSOURI      )
                               )
ST. LOUIS COUNTY     )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN HOMEPATIENT, INC.<br>      Serve: CT Corporation System<br>           120 South Central Ave<br>           Clayton, MO 63105<br>           St. Louis County<br><br>and<br><br>JOHN DOES 1-10,<br><br>       Defendants. | Cause No. _____<br><br>Division<br><br><br><br>ST. LOUIS COUNTY SHERIFF<br><br><br><br><br><br>HOLD SERVICE |

## CLASS ACTION PETITION

Plaintiff, ALAN PRESSWOOD, D.C., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

1

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.    This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

2

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

7.      Plaintiff ALAN PRESSWOOD, D.C., P.C., is a professional corporation which is located in Missouri.

8.      On information and belief, Defendant, AMERICAN HOMEPATIENT, INC, is a Tennessee corporation registered in Missouri as a foreign corporation and doing business in the state of Missouri.

9.      Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

10.     On June 22, 2013 Defendants sent 1 unsolicited facsimile to Plaintiff in Missouri. A true and correct copy of the facsimile is attached as Exhibit A.

11.     The transmission sent to Plaintiff on or about June 22, 2013 constitutes material advertising the commercial availability of any property, goods or services.

12.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to many other persons as part of a plan to broadcast fax advertisements, of which Exhibit A is an example.

13.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

14.     Defendants created or made Exhibit A and other fax advertisements, which Defendants sent to Plaintiff and the other members of the class.

3

Electronically Filed - St. Louis County - June 22, 2017 - 07:32 PM

15.     Exhibit A and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants.

16.     Exhibit A and the other facsimile advertisements are constitute material furnished in connection with Defendants' work or operations.

17.     The transmissions of Exhibit A to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

18.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

19.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

20.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

21.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

22.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

23.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

24.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

25.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

26.     Defendants knew or should have known that:   (a) facsimile advertisements, including Exhibit A, were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

27.     Defendants engaged in the transmission of facsimile advertisements, including Exhibit A, believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

28.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A, to any person where such transmission was not authorized by law or by the

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

29.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibit A, both to others in general, and specifically to Plaintiff.

30.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class caused destruction of Plaintiff's property.

31.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

32.     The transmissions of facsimile advertisements, including Exhibit A, to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

33.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendant any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express

6

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

35.     A class action is warranted because:

    a.     On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

    b.     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

        i.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

        ii.     Whether Exhibit A and other faxes transmitted by or on behalf of Defendant contains material advertising the commercial availability of any property, goods or services;

        iii.     Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

        iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

        v.     Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

        vi.     Whether Defendants violated the provisions of 47 USC § 227;

        vii.     Whether Plaintiff and the other class members are entitled to statutory damages;

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

viii.    Whether Defendants knowingly violated the provisions of 47 USC § 227;

ix.    Whether Defendants should be enjoined from faxing advertisements in the future;

x.    Whether the Court should award trebled damages; and

xi.    Whether Exhibit A and the other fax advertisements sent by or on behalf of Defendant displayed the proper opt out notice required by 64 C.F.R. 1200.

36.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

37.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

39.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

8

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

40.   The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions.

41.   The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

42.   The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

43.   Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

44.   Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

9

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

45.   If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

46.   Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit A and the other facsimile advertisements were advertisements, and (D) Exhibit A and the other facsimile advertisements did not display the proper opt out notice.

47.   Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

48.   Defendants knew or should have known that: (a) Exhibit A and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibit A; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibit A and the other facsimile advertisements did not display a proper opt out notice.

49.   Defendants engaged in the transmission of Exhibit A and the other facsimile advertisements believing such a transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

50.    Defendants did not intend to send transmission of Exhibit A and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmission of Exhibit A and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

51.    Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of Exhibit A and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

52.    Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10, as follows:

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper.

E.    That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

**COUNT II**
**CONVERSION**

53.    Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 22 – 24 and 27 – 32 as for its paragraph 53.

54.    In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

55.    A class action is proper in that:

a.    On information and belief the class is so numerous that joinder of all members is impracticable.

12

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

    b.    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

        i.    Whether Defendants engaged in a pattern of sending unsolicited faxes;

        ii.    Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

        iii.    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

        iv.    Whether Defendants committed the tort of conversion; and

        v.    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

56.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

57.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

58.    By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

13

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

59.   Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

60.   By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

61.   Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

62.   Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

63.   Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.   Defendants knew or should have known employees' time is valuable to Plaintiff.

64.   Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.   Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D.      That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.      That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.      That the Court award attorney fees and costs;

G.      That the Court award all expenses incurred in preparing and prosecuting these claims;

H.      That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.      Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - June 22, 2017 - 07:32 PM

Respectfully submitted,

_/s/  Max G. Margulis_
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
F:  (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

16

American HomePatient 6/22/2013 5:24:15 PM  PAGE   1/001   Fax Server
):Brent R Palmer, MD  COMPANY:Associated Physical Medicine

 AMERICAN HOMEPATIENT®

# Your Medicare Patients have
# 1 week to find a new provider.



American HomePatient was chosen to be a contracted provider with Medicare
for respiratory products and services in your area for:

## Oxygen Therapy
## CPAP and Sleep Supplies

Per the Competitive Bidding Program, Medicare beneficiaries need contracted Medicare
providers for these services beginning July 1st. American HomePatient was chosen as a
qualified provider based on our Medicare experience, financial stability, readiness to service
patients, and broad product selection.

**Make American HomePatient the Respiratory Provider of Choice for your patients:**

✔ Proactive, outcomes-based patient monitoring and follow-up

✔ Sleep patient coaching, ongoing support, and unparalleled long-term adherence to therapy

✔ Medicare provider you and your patients can count on


ACHC
ACCREDITED

— SINCE —
# 1983

© 2013 American HomePatient, Inc.   M-13-027-Ref   06/13

EXHIBIT A