UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all other similarly situated persons, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HOMEPATIENT, INC., )<br>and JOHN DOES 1–10 )<br>)<br>Defendants. ) | Case No. 4:17-CV-1977-SNLJ |

## MEMORANDUM AND ORDER

Plaintiff alleges defendant violated the Telephone Consumer Protection Act when it sent him an unsolicited fax in June 2013. The case is currently before the Court on plaintiff's motion to modify the case management order (#44). The issue is ripe, and the motion will be granted.

This dispute has an unusually long history that began even before the underlying case was filed. In August 2014, plaintiff's attorney filed the case *Geismann v. American Homepatient, Inc.*, No. 4:14-CV-1538 (E.D. Mo.) in Missouri state court. Defendant removed the case, and the parties litigated it in the Eastern District of Missouri for almost three years. Then, after the motion to certify the class was fully briefed, plaintiff's attorney dismissed the case. A few weeks later, plaintiff's attorney filed this case, which "mirrors, almost word-for-word, the lawsuit brought by Plaintiff Geismann." *Geismann*

1

*v. Am. Homepatient, Inc.*, No. 4:14-CV-1538 (E.D. Mo. July 14, 2017) (defendant's response to plaintiff's motion to dismiss at 1–2).

In January 2018, plaintiff asked to extend the discovery deadline by two months because the parties were unable to agree on deposition dates for two of defendant's former employees. (#28.) In his motion asking for this extension, plaintiff also explained that he had "asked [defendant] for a mirror image of the storage area network (SAN) data storage devices which contained the fax server logs." (#28 at 9, ¶ 47.) Defendant objected to producing a mirror image, and plaintiff had "delayed filing a motion to compel . . . until the depositions of [defendant's former employees were] completed which might narrow the scope of [plaintiff's] request." (#28 at 9, ¶ 47.) On March 1, 2018, this Court granted plaintiff's request and extended the discovery deadline until April 27, 2018. (#35.) Thus, plaintiff had fifty-seven days to depose the two witnesses.

As it turns out, plaintiff filed his motion to compel before he deposed either of defendant's former employees. (#36) (filed March 20, 2018.) In his motion to compel, plaintiff originally asked the Court to enter a protective order requiring defendant to allow imaging of its SAN data storage devices. Plaintiff believes the SAN data houses the fax transmission logs that defendant—after searching its data—claims no longer exist. In defendant's memorandum (#40) in opposition to plaintiff's motion to compel, defendant disclosed (allegedly for the first time) that backup tapes of its SAN data exist. Plaintiff also learned that "daily backups were maintained for 45 days, months-end backup tapes were retained 18 months, and quarterly tapes were retained seven years at

that time." (#47 at 1.)  Thus, in his reply brief, plaintiff narrowed the motion to compel "to all existing backup tapes covering the date on June 22, 2013, including but not limited to the quarterly backup tape, which would have been created on June 30, 2013." (#47 at 2.)  Plaintiff asks to stay the deadlines relating to expert reports and class certification briefing until the Court rules on his motion to compel.  This is because "[p]laintiff's expert is unable to submit a complete report" until the Court rules on the motion to compel.  (#44 at 2, ¶ 8.)  After the Court rules on the motion to compel, plaintiff proposes, the parties will submit a "joint revised schedule."  (#44 at 3–4.)

On day forty and day fifty-three of the extended fifty-seven-day discovery window, plaintiff finally deposed defendant's two former employees.  During the deposition on day fifty-three, plaintiff learned "the identity of [defendant's] actual employee . . . who was instructed to perform the [unsuccessful] search for the fax transmission data[.]"  (#44 at 2, ¶ 8.)  Now, in light of learning the employee's identity, plaintiff asks to push the discovery deadline by another thirty days so he can depose the (now former) employee.  He "wants to depose [the former employee] to find out what search was conducted, by whom . . ., and what is the default time for purging and/or overwriting the database."  (#46 at 2.)

Defendant opposes the motion to modify the case management order, "a general suspension of all case deadlines" in its view.  (#45 at 1.)  Defendant claims "the parties' positions regarding 'mirror imaging' and production of [its] hard drives was known as early as August *2016*," yet "it has taken nearly two years, a second lawsuit[,] and the passing of the first set of deadlines in this case before [p]laintiff's counsel has requested

3

court intervention on this issue." (#45 at 4.) Defendant also argues plaintiff has failed to show that the employee who searched for the fax transmission data "has relevant information, or information beyond what has already been provided[.]" (#45 at 3.) Finally, defendant claims, "if this Court does not deny the motion to compel in its entirety[,] . . . any extensions can be addressed at that juncture." (#45 at 5.)

Really, the parties' biggest disagreement is whether discovery should be extended so plaintiff can depose defendant's now-former employee who searched for the fax transmission data. Otherwise, both parties want the Court to revisit (if necessary) the deadlines relating to expert reports and class certification briefing after it rules on the pending motion to compel.

To modify the case management order, plaintiff must show good cause for doing so. Fed. R. Civ. P. 16(b)(4). The Court finds plaintiff has done so. As plaintiff points out, he only just learned (1) that backup tapes were created and might still exist and (2) who searched defendant's data for the fax transmission logs. And it's reasonable that plaintiff wants to depose the employee "to see the procedures used by him in his search for the fax transmission data, and to determine his background and experience in recovering data produced by RightFax fax program, and to see if he claims to have searched the backup tapes." (#46 at 5.) It is also reasonable to decide (by ruling on the motion to compel) whether plaintiff's expert will have more evidence to analyze (the backup tapes) before making the expert submit his report. Finally, defendant has not shown that plaintiff's requests will prejudice it in any way.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to modify the case management order (#44) is **GRANTED**, consistent with the Amended Case Management Order that will be filed.

Dated this   15th   day of May 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE