UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-1977-SNLJ |
| AMERICAN HOMEPATIENT, INC., and JOHN DOES 1–10 | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff alleges defendant violated the Telephone Consumer Protection Act when it sent him an unsolicited fax in June 2013. The case is currently before the Court on plaintiff's motion to compel and for entry of a protective order regarding electronic discovery (#36). The issue is ripe, and the motion will be granted in part and denied in part.

The "missing fax transmission logs" that correspond to the allegedly unsolicited faxes are at issue in the motion to compel. In his motion to compel, plaintiff originally asked the Court to enter a protective order requiring defendant to allow imaging of its storage area network ("SAN") data storage devices. Plaintiff believes the SAN data house the fax transmission logs that defendant—after searching its data—claims no longer exist.

1

In his reply memorandum in support of the motion to compel, plaintiff claims that defendant disclosed—for the first time (defendant forcefully disputes this) in its response brief—that a backup tape of its SAN data exists. Plaintiff also learned that "daily backups were maintained for 45 days, months-end backup tapes were retained 18 months, and quarterly tapes were retained seven years at that time." (#47 at 1.) Thus, in his reply brief, plaintiff narrowed the motion to compel "to all existing backup tapes covering the date on June 22, 2013, including but not limited to the quarterly backup tape, which would have been created on June 30, 2013." (#47 at 2.)

Defendant hardly objects to the narrowed motion to compel: "Since Plaintiff has agreed to bear the costs of the forensic recovery and searching and if a 'narrow[ed] . . . motion to compel' for 'backup tapes covering the date [of] June 22, 2013' (Dkt. 47 at 2) is what is before this court, then such a narrowed request may be apt." (#52 at 2) (alterations in original). Both parties agree the backup tape should be searched for the fax transmission logs at issue in this case.

The parties disagree as to the procedure—namely, who will be doing the searching—that should be used to search the backup tape. Plaintiff proposes the following procedure. First, the backup tape should be given to a computer tape specialist who will restore the data from the tape and make two copies. Next, the specialist will give one copy to the defendant and the other copy to plaintiff's retained expert, Robert Biggerstaff. Then, Mr. Biggerstaff will review that data for anything that might be

relevant[1] to this lawsuit. Next, Mr. Biggerstaff will prepare a list and summary of the information that he believes falls into the relevant categories. Defendant's counsel will then review the summaries and copies of the data for responsiveness, privilege, or other grounds. Finally, defendant will produce any responsive and non-privileged information that Mr. Biggerstaff identified.

Defendant argues that a neutral third party—not Mr. Biggerstaff—should perform any recovery and search of the backup tape. The neutral third party will "attempt to locate fax transmission logs related to the fax transmissions at issue in this case, and provide those files to" defendant. (#52 at 9.) Then, defendant will review the files for relevant data, "specifically, data or files [related] to the alleged faxing at issue in this case, and produce them to Plaintiff." (#52 at 9.)

Defendant points out "practical problems" related to Mr. Biggerstaff's performing the search. First, defendant claims "certain communications between Biggerstaff and Plaintiff's counsel (but *not* Defendant's counsel) would be protected by privilege[.]" (#52 at 8.) Second, defendant argues "Biggerstaff could not perform his duties as a neutral, third-party examiner, and also then turn around and file an expert report as an advocate for plaintiff's position. These actions would create an appearance of impropriety that would prejudice defendants." (#52 at 8.)

The Court agrees that a neutral third party should perform any recovery and search of the backup tape. *See Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1054

---

[1] Mr. Biggerstaff lists the information that he would look for in paragraph five of plaintiff's proposed protective order. (#37-1 at 2–3, ¶5.)

3

(S.D. Cal. 1999) (describing the expert as an "outside expert" acting as "an Officer of the Court"); *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000) (describing the expert as an "officer of the court"); *DiMartini v. Purcell Tire & Rubber Co.*, No. 3:09-CV-0279-ECR VPC, 2010 WL 5070756, at *4 (D. Nev. Dec. 7, 2010) ("The court cannot reconcile Mr. Wallace's role as a jointly retained independent accountant with Purcell's designation of him as an expert witness.").

The Court will entertain a mutually agreed to protective order that lays out (1) a neutral third-party expert the parties agree to, (2) the procedure that will govern the recovery and search, and (3) specifically what information and/or documents the third-party expert will be searching for.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel and for entry of a protective order regarding electronic discovery (#36) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that a neutral third party should perform any recovery and search of the backup tape of defendant's SAN data.

**IT IS FURTHER ORDERED** that, within 10 days, the parties shall submit a mutually agreed to protective order that lays out (1) a neutral third-party expert the parties agree to, (2) the procedure that will govern the recovery and search, and (3) specifically what information and/or documents the third-party expert will be searching for.

Dated this   11th   day of June 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE