**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Cause No. 4:17-cv-01977-SNLJ |
| v. | )<br>) |
| AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10 | )<br>) |
| Defendants. | )<br>) |

## JOINT STATUS REPORT

NOW COME the Parties, in advance of the Court's February 1, 2019 status conference, and jointly submit this status report to update the Court as to the progress of the independent examiner 4Discovery, who was selected by the Parties and ordered by the Court (Dkt. 57) to conduct a search of 26 of Defendant's backup tapes for electronically-stored information regarding the attempted transmission of the facsimile at issue in this case.

1. On September 13, 2018, 4Discovery took possession of the 26 backup tapes referenced in the Protective Order (Dkt. 57), which the parties agreed would be most likely to contain data concerning the alleged faxing at issue in this matter.

2. After taking possession of the backup tapes, 4Discovery proceeded to catalogue and inventory the backup tapes to determine their contents.

3. On October 8, 2018, 4Discovery completed its cataloguing of the backup tapes, and provided a listing of the backup images to counsel for Defendant.

1

4. On December 4, 2018, 4Discovery informed the parties of the progress they had made and that at this point and time 4Discovery could not locate any fax transmission logs on the backup tapes provided (see Exhibit 1 - email dated December 4, 2018 at 5:04 pm). 4Discovery stated:

   > As a result of this process, we located log files indicating that a backup of the SQL database used by the RightFax application was created during the applicable time frame. It appears that the SQL cluster containing the RightFax database is **not located on the tapes that were provided to us**.
   >
   > To proceed with the restoration of the relevant RightFax databases, we will need access to tapes containing the SQL cluster identified. *(emphasis added)*

5. On December 6, 2018 Plaintiff, after consultation with their expert, posed certain questions to 4Discovery and in an email dated December 12, 2018 (see Exhibit 2 - email dated December 12, 2018), 4Discovery responded stating:

   > The backup logs identify one of many SQL clusters that include other databases in addition to the RightFax database. According to the logs, there appears to be both full and partial backup jobs for the RightFax database in addition [to] the other databases. *sic*

6. In a January 10, 2019 email (see Exhibit 3 - email dated January 10, 2019 at 8:47 am) sent to all parties 4Discovery stated:

   > 4Discovery examined the tapes that were provided to us, and there were no backups **on those tapes** for the RightFax database. On those tapes, we saw **reference to a backup job for the RightFax database**. However, there was no additional information that told us where the data was backed up (i.e. a specific tape number) or if it resided on any tapes that fall outside of the timeframe of interest. We were simply stating that we would need access to a data source containing the backup in order to proceed with the rest of the tasks per the protocol for this matter. *(emphasis added)*

**Plaintiff's Position:**

It is Plaintiff's position that a Rule 30(b)(6) deposition needs to take place to determine the backup procedures of American Homepatient and the location of the RightFax database

2

(which contains the fax logs at issue) and to determine what instructions were given to the Defendant American Homepatient to preserve the relevant electronic documents and if and when those instructions were carried out.  Plaintiff believes Exhibit 3 demonstrates that 4Discovery determined that backups of the RightFax database existed at some point and may still exist today but were not supplied to 4Discovery.

**Defendant's Position:**

Given the completion of the discovery provided in the protective order, the history of this case and the *Geismann v. American Homepatient* matter, and the scheduling or case management orders entered by this Honorable Court, deadlines for the disclosure of expert reports, as well as deadlines for the filing and briefing of Plaintiff's Class Certification Motion, *only*, should be ordered.

The Parties have spent the last six months working with 4Discovery in an attempt to locate any fax transmission logs at issue in this case. Counsel for Defendant had made plain to counsel for Plaintiff that any logs were unlikely to be found due to the passage of time between the alleged transmission date (around June 22, 2013) and when Plaintiff's counsel originally filed suit against American Homepatient (over a year later, in August of 2014 in the case captioned *Geismann v. American Homepatient*.) Defendant had provided this factual background in briefing on this issue as well. (Dkt. 40.) And, then, 4Discovery, the independent forensic computer expert chosen by the parties and appointed by the Court, was unable to locate fax logs on backup tapes created at the end of June 2013, which are the backup tapes most likely to contain the data.

3

Plaintiff's request for more oral discovery—made only here in a Joint Status Report—is not part of the discovery contemplated by the Parties' Agreed Protective Order. It also comes too late: fact discovery is now closed per the Court's May 15 Scheduling Order (Dkt. 49). And, there is no outstanding Rule 30(b)(6) deposition notice (indeed, at the outset of this case, the Parties stipulated to use of the Rule 30(b)(6) witness testimony from the *Geismann* matter in this case). In addition, there has been no conferral about such matters per the local rules.

Moreover, a request for another Rule 30(b)(6) deposition would be cumulative and unnecessary—this same Plaintiff's counsel, in the companion *Geismann* matter, took a Rule 30(b)(6) deposition of Defendant's corporate representative which spanned 29 separate topics, including American Homepatient's document retention policies and information as to transmission logs of any faxes sent by Defendant. In addition, in this lawsuit, Plaintiff's counsel deposed Dave Morris, the VP of Information Technology for American Homepatient during the relevant time period. Mr. Morris testified concerning American Homepatient's data backup procedures. Any further deposition would be redundant of previous testimony.

Finally, Defendant disagrees with Plaintiff's contention, herein, that 4Discovery's findings indicate relevant, fax transmission logs still exist in some other yet-to-be determined location. 4Discovery has already examined the backup tapes the parties agreed would be most likely to contain any fax logs at issue. This search through backup tapes was a "needle in a haystack" search for such records. Additional fact discovery is unwarranted, and this case should instead move towards a resolution.

Respectfully submitted,

By:   /s/ Max G. Margulis  

Max G. Margulis, # 24325MO
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
maxmargulis@margulislaw.com

By:   /s/ Molly A. Arranz  

Molly A. Arranz (6281122IL)
John C. Ochoa (6302680IL)
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300,
Chicago,  IL 60601
P:  312-894-3200
F: 312-997-1843
marranz@salawus.com
jochoa@salawus.com

Brian J. Wanca, # 3126474IL
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
bwanca@andersonwanca.com

*Attorneys for Defendant American Homepatient, Inc.*

*Attorney for Plaintiff Alan Presswood, D.C., P.C.*

## CERTIFICATE OF SERVICE

I hereby certify on January 31, 2019 that a true and correct copy of the foregoing was electronically filed by the undersigned counsel and as a result thereof was served by the Court's ECF/CM system upon all parties of record.

   /s/ Max G. Margulis