UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAN PRESSWOOD, D.C, P.C, individually and on behalf of all other Similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:17-cv-1977-SNLJ ) |
| AMERICAN HOMEPATIENT, INC., and JOHN DOES 1-10 | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for additional discovery (#59) and motion to amend the protective order (#67). For the following reasons, this Court will **GRANT IN PART and DENY IN PART** plaintiff's motion for additional discovery, and will **DENY** plaintiff's motion to amend the protective order. However, in granting plaintiff's motion for additional discovery, the protective order (#57) is amended to include as a definition of "ELECTRONIC DATA" the identified quarterly backup tapes from September 2013 and December 2013. Defendant shall promptly provide these tapes to 4Discovery LLC. for further cataloging in accordance with this Court's previously entered protective order. All other discovery requests are denied.

**I.   BACKGROUND**

This Court has already recounted the "unusually long history" of the parties' ongoing dispute. *See Alan Presswood, D.C., P.C. v. American Homepatient, Inc.*, 2019

1

WL 1923017 (E.D. Mo. Apr. 30, 2019). In essence, the parties have spent the past several years engaged in a dispute about the existence of certain "RightFax data" that plaintiff believes will show, if found, that defendant violated the Telephone Consumer Protection Act by sending "unsolicited facsimile advertisements to [the] members of the putative class." *Radha Giesmann, M.D., P.C. v. American Homepatient, Inc.*, 2017 WL 2709734 *1, *3 (E.D. Mo. June 22, 2017)).

The latest round of discovery efforts revolved around a search of certain quarterly backup tapes maintained by defendant—26 in total from June 2013—that were reviewed and cataloged by third-party neutral 4Discovery, LLC. It was determined by 4Discovery that "the SQL cluster containing the RightFax database is not located on the tapes that were provided[.]" (#59-1, p. 3). However, 4Discovery mentioned that "[o]n those tapes, we saw reference to a backup job for the RightFax database." (#59-3). This prompted plaintiff to seek additional discovery that this Court found to be too expansive and open-ended. Still, this Court could not ignore that "4Discovery has unveiled some evidence, speculative as it is, that the relevant backup tapes of the RightFax data do exist somewhere." *Presswood, D.C, P.C.,* 2019 WL 1923017 at *3. Accordingly, plaintiff was provided an opportunity to submit an additional memorandum requesting a narrower extension of discovery "that comports with this Court's view that discovery should be narrowing down to an endpoint after more than five years of effort." *Id*.

Plaintiff now seeks to catalog two more sets of backup tapes from September 2013 and December 2013, to conduct three additional depositions, and to install a request-

based system to "assist" 4Discovery in its cataloging efforts. Defendant argues that plaintiff's request is still too broad and expansive at this late stage.

## II. ANALYSIS

As this Court explained in its initial review of plaintiff's motion, "[i]f the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end." *Presswood, D.C., P.C.*, 2019 WL 1923017 at *3 (*quoting Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)). Nonetheless, pursuant to Rule 16(b)(4), "[a] schedule may be modified [] for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). However, "[a] district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). And, in that vein, the Eighth Circuit has emphasized that "requiring a re-opening of discovery with additional costs" is "particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016).

Plaintiff has requested access to the September 2013 and December 2013 quarterly backup tapes to be cataloged by 4Discovery. He has explained that he wishes to review these tapes at his own cost. (#64, pp. 7-8). This Court is mindful that the continuing delay of the parties' dispute works against granting plaintiff's request. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) ("The longer a plaintiff delays, the more likely the motion to amend will be denied[.]"). However, whatever prejudice may be created by

3

a final extension of discovery is minimal here. The parties have been engaged in the hunt for the lost RightFax Data for some time now, and at considerable cost to plaintiff. Defendant is not unfairly surprised by any of this, and the primary cost to it is simply time and cooperation at this juncture. If plaintiff's request was a matter of haphazard guesswork—pointing randomly to any additional set of backup tapes—further discovery might rightly be foreclosed. To be clear, plaintiff is not entitled to an unlimited, roving search for the long-lost RightFax Data. But, that is not the situation here. Rather, a third-party neutral has indicated that the RightFax Data appears to exist based on its review of the June 2013 backup tapes; naturally, then, plaintiff seeks to inspect those quarterly backup tapes coming immediately after the June 2013 tapes. The Court will not permit plaintiff to continuously expand its search, but it will grant plaintiff a reasonable opportunity to finish what it started. Therefore, plaintiff's motion for additional discovery will be granted to allow for the cataloging of these two sets of tapes and, as such, the protective order will be amended to include in the definition of "ELECTRONIC DATA" both the September 2013 and December 2013 quarterly backup tapes.

Plaintiff has also requested to re-depose David Morris and to depose, for the first time, Iron Mountain and Peak Ten. He wishes to depose Morris "regarding the backup procedures of defendant and the location of the fax logs." Meanwhile, he wishes to depose Iron Mountain and Peak Ten (or else be permitted to submit subpoenas for unspecified documents) to "establish the chain of custody of the tapes" and to understand "the involvement of Peak 10 in the backup and restoration procedures." As best can be gleaned, these efforts seek to continue the same goose chase that this Court has already

indicated it is not willing to entertain moving forward. The request for addition depositions is denied.

On the chain of custody issue, plaintiff admits that depositions would be unnecessary if "Iron Mountain supplies a satisfactory declaration of the chain of custody of defendant's backup tapes for the period of 2013 to the present[.]" The previously entered protective order already requires Iron Mountain to provide a declaration on the "full chain of custody" for the June 2013 backup tapes. This Court will grant a limited extension of that requirement to also cover the September 2013 and December 2013 backup tapes that this Court has already ordered defendant to produce. But, the scope of plaintiff's specific chain of custody request is far too broad (covering six years) and opaque (covering unspecified tapes) to grant otherwise.

Finally, plaintiff wishes to be able to make certain "requests" to 4Discovery "to assist [it] in completing its tasks." What these "requests" might be is left open and unspecified. But, plaintiff assures the Court that "if a request by either party is not justified … the party acting unreasonably would be subject to appropriate sanctions by the Court." This request system would needlessly entangle the Court in a discovery process that should be straightforward and coming to a close. This Court sees no reason to permit either party to make special "requests" to 4Discovery, which would only result in further delays. It has already been demonstrated that 4Discovery is capable of cataloging provided backup tapes and rendering an answer as to whether they contain the data plaintiff seeks. There is simply no well-articulated reason why a special-request protocol is necessary or advisable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for additional discovery (#59) is **GRANTED IN PART and DENIED IN PART**. The quarterly backup tapes from September 2013 and December 2013 shall be promptly provided by defendant to 4Discovery in order to identify if either set of tapes contain the RightFax Data at issue. In granting this request, the protective order (#57) is amended to include as a definition of "ELECTRONIC DATA" the quarterly backup tapes from September 2013 and December 2013. 4Discovery shall search and catalog these tapes in accordance with this Court's previously entered protective order. All other discovery requests are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the protective order (#67) is **DENIED**.

So ordered this 22nd day of May 2019.

                                                 STEPHEN N. LIMBAUGH, JR.
                                               UNITED STATES DISTRICT JUDGE