**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ALAN PRESSWOOD, D.C, P.C,** ) | |
| **individually and on behalf of all other** ) | |
| **Similarly situated persons,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 4:17-cv-1977-SNLJ** |
| ) | |
| **AMERICAN HOMEPATIENT, INC.,** ) | |
| **and JOHN DOES 1-10** ) | |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter has been pending since 2017.  A related case was filed by the same

attorneys and a different plaintiff[1] in 2014 and then dismissed on the eve of the class

certification hearing.  This case was filed shortly thereafter.  This Court denied plaintiff's

motion for class certification on August 19, 2021, after protracted discovery and briefing.

Plaintiff has moved [Doc. 106] for reconsideration or, in the alternative, clarification of

this Court's order denying class certification.

Plaintiff claims that defendant sent out thousands of unsolicited faxes to the

putative class members in violation of the Telephone Consumer Protection Act

("TCPA").  The TCPA generally provides for penalties of $500 per fax transmission, 47

U.S.C. § 227(b)(3), meaning that a class action comprised of thousands of recipient-

plaintiffs—if the elements of the claims can be proven—stands to raise far more money

---

[1] Plaintiff in the 2014 lawsuit was Radha Geismann M.D., P.C..

in the aggregate than through individual claims. However, this Court held that class certification was inappropriate for several reasons.

This matter has largely revolved around plaintiff's unsuccessful search for certain fax logs relevant to the case both in this case and the earlier, 2014 case.  The 2014 case's plaintiff, Geismann, did not file its lawsuit until almost fourteen months after receiving the relevant fax.  As part of discovery in that case, defendant searched its fax server, electronic databases, and the "SQL" servers used by RightFax for the transmission logs relevant to Geismann's complaint. But defendant could not locate any fax transmission logs for the period in question.  Defendant explained that it did not retain fax logs as a routine part of its business practice, and the fax logs from June 2013 were likely automatically overwritten, or "purged," well before Geismann filed suit.

Just before the hearing on Geismann's motion for class certification, Geismann dismissed its lawsuit.  Approximately one week prior, on June 22, 2017—four years after receiving the Medicare fax—plaintiff Presswood initiated this lawsuit in Missouri state court.

This Court allowed plaintiff repeated discovery extensions.  In 2019, this Court, over defendant's objection, ordered a third-party inspection of 26 backup tapes from June 2013 and then of additional backup tapes from September 2013 and December 2013. [Doc. 73 at 4-5.]  Nothing came of those searches.  The parties had already collectively served four subpoenas on AT&T, defendant's telecommunications provider for the relevant outgoing fax transmissions, for relevant documents, to no avail.  Then, plaintiff discovered the identity of another of defendant's telecommunications providers, MetTel,

from whom plaintiff wanted to subpoena fax transmission logs.  In line with defendant's objection, this Court observed that it "is perhaps likely that MetTel will not have any responsible documents to plaintiff's proposed subpoena." [Doc. 99 at 3.]  Regardless, this Court allowed the reopening of discovery for that subpoena in June 2021 because it appeared to be plaintiff's last chance to find evidence regarding whether defendant's faxes were actually received by the recipients.

In that June 2021 order, this Court noted that "plaintiff also points out that, to the extent AT&T actually was defendant's service provider, the defendant was unable to provide any account numbers with AT&T to assist with the investigation." [Doc. 99 at 3.]  Then, in its order on Class Certification, this Court noted that defendant "states in its Response Memorandum in opposition to class certification that defendant has in fact repeatedly identified the AT&T account numbers associated with the fax numbers at issue, both in this action and in *Geismann.*  This Court regrets the error, and plaintiff is admonished not to mislead the Court." [Doc. 104 at  5 n.1]  Plaintiff contends in its motion for reconsideration that it did not mislead the Court, insisting that AT&T had in fact told it that the AT&T account numbers supposedly provided by the defendant were not AT&T account numbers.  Plaintiff also stated in its motion that it had again "reached out to AT&T" for confirmation.  But plaintiff asked this Court to correct its footnote to reflect that plaintiff had in fact not misled the Court.

Two weeks later, plaintiff moved to supplement its motion.  Plaintiff divulged that it had heard back from AT&T and that AT&T had in fact found documents responsive to the account numbers that were provided.  AT&T apparently explained that account

numbers related to a subsidiary phone company of AT&T, and AT&T produced nearly

8,000 pages of responsive documents.  Plaintiff thus moved to supplement its motion

with this information [Doc. 108] but maintained that its earlier statement about

defendant's failure to provide account numbers was correct to the best of its knowledge at

the time.

## I.    Legal Standard

Because a ruling on class certification is interlocutory, a motion for

reconsideration of such a nonfinal order must meet the Rule 60(b) standard.  *See Elder-*

*Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006); *Anderson v. Raymond Corp.*, 340

F.3d 520, 525 (8th Cir. 2003).  A district court should only grant a Rule 60(b) motion

"upon an adequate showing of exceptional circumstances."  *United States v. One Parcel*

*of Prop. Located at Tracts 10 & 11 of Lakeview Heights, Canyon Lake, Comal Cty., Tex.*,

51 F.3d 117, 120 (8th Cir. 1995) (quotation omitted).

## II.    Discussion

Plaintiff has not shown exceptional circumstances to justify this Court's

reconsideration.  Plaintiff's motion for reconsideration has two prongs.  First, plaintiff

wants the Court to withdraw the footnote addressing the AT&T account numbers.  The

Court stated:

> This Court noted in the June 2021 order that "Plaintiff also points out that,
> to the extent AT&T actually was defendant's service provider, the
> defendant was unable to provide any account numbers with AT&T to assist
> with the investigation." [Doc. 99 at 3.]   Defendant states in its Response
> Memorandum in opposition to class certification that defendant has in fact
> repeatedly identified the AT&T account numbers associated with the fax
> numbers at issue, both in this action and in *Geismann*.  This Court regrets
> the error, and plaintiff is admonished not to mislead the Court.

4

[Doc. 104 at 5 n.1]  Plaintiff insists that it did not mislead the Court because it understood at the time that the account numbers provided by defendant could not be AT&T account numbers.  That later proved to be untrue, as AT&T found relevant documents with an AT&T subsidiary.  It appears to the Court that communication between and among counsel and third parties has been deeply flawed at every turn in this case.  The memorandum and order of which plaintiff complains is not inaccurate, and anyone wishing to delve further into this case's tortured history is free to read the relevant documents for a full understanding of the matter.  This Court declines to alter its past order.

Second, plaintiff asks this Court to grant certification of its proposed class of fax recipients despite having already considered and denied the motion.  Plaintiff's primary argument is that defendant "should not be able to 'rely on class member identification problems resulting from [its] own failure to keep records.'" [Doc. 107 at 3 (quoting *Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 859 (N.D. Ill. 2018)).]  Plaintiff argues that defendant never adequately searched its backup tapes to locate the required information.  This Court disagreed.  Plaintiff offers no new facts or law to change the Court's conclusion nor its determination that class certification is inappropriate under these circumstances.  [*See* Doc. 107 at 5-10.]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. 106] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement [Doc. 108] is GRANTED.

Dated this 20th day of December, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE